**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY GORDAN DILWORTH,
a/k/a Cong,

    Defendant - Appellant.

No. 23-1003
(D.C. No. 1:21-CR-00316-DDD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **EID** and **CARSON**, Circuit Judges.
_____

Anthony Gordan Dilworth pleaded guilty to being a felon in possession of a

firearm and ammunition and received a 63-month prison sentence. He has appealed

from that sentence, but his plea agreement contains an appeal waiver. The

government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d

1315, 1328 (10th Cir. 2004) (en banc). Dilworth has filed a response through

counsel, and he concedes the appeal waiver is enforceable.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

When deciding a motion to enforce an appeal waiver, we normally ask: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.  But we need not address those factors because Dilworth's concession includes a statement that the *Hahn* factors do not negate the appeal waiver.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting that court need not address uncontested *Hahn* factors).

We grant the government's motion and dismiss this appeal.

Entered for the Court
Per Curiam

2